**Barry Louis LAMON, Plaintiff–Appellant,**

v.

**Hans BIRKHOLM, M.D., Defendant–Appellee.**

No. 13–16785.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 21, 2015.\*

Filed Jan. 30, 2015.

Barry Louis Lamon, Represa, CA, pro se.

Rose–Ellen Heinz Fairgrieve, Mark Saul Posard, Don Willenburg, Esquire, Gordon & Rees LLP, San Francisco, CA, for Defendant–Appellee.

Before: CANBY, GOULD, and N.R. SMITH, Circuit Judges.

MEMORANDUM \*\*

Barry Louis Lamon, a California state prisoner, appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs and retaliation. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir.2004). We affirm.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The district court properly granted summary judgment on Lamon's deliberate indifference claim because Lamon failed to raise a genuine dispute of material fact as to whether defendant Birkholm was deliberately indifferent to Lamon's serious foot condition. *See id.* at 1057 (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to an inmate's health; "[m]ere negligence in ... treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights" (citation and internal quotation marks omitted)).

The district court properly granted summary judgment on Lamon's retaliation claim because Lamon failed to raise a genuine dispute of material fact as to whether Birkholm failed to provide orthotics due to Lamon accusing him of taking kickbacks. *See Rhodes v. Robinson,* 408 F.3d 559, 567–68 (9th Cir.2005) (setting forth elements of a retaliation claim in the prison context).

The district court did not abuse its discretion in denying Lamon's discovery requests prior to summary judgment. *See Hallett v. Morgan,* 296 F.3d 732, 751 (9th Cir.2002) (providing standard of review for discovery motions and noting the trial court's broad discretion in discovery matters); *Maljack Prods., Inc. v. GoodTimes Home Video Corp.,* 81 F.3d 881, 887–88 (9th Cir.1996) (requirements for obtaining additional discovery before court considers summary judgment motion).

**AFFIRMED.**